UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-0181 KJM |
| Respondent, | |
| v. | ORDER |
| DANIEL AWAI-FULLER, | |
| Movant. | |

Movant is a federal prisoner proceeding through counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 38. Movant relies on the decision of the United States Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015), contending that his sentence violates due process. Specifically, movant contends that his guideline range was unlawfully increased by a finding that his prior conviction for infliction of corporal injury on spouse/cohabitant in violation of California Penal Code § 273.5 qualified as a "crime of violence." Movant contends that after *Johnson*, a violation of California Penal Code § 273.5 cannot qualify as a crime of violence under U.S.S.G. § 4B1.2. Respondent opposes the motion on the grounds that (1) movant's claim is procedurally defaulted because it was not raised on direct appeal; (2) the *Johnson* rule does not apply to collateral attacks on guideline sentences; and (3) the rule announced in *Johnson* does not apply to California Penal Code § 273.5, which remains a "crime of violence" under the federal sentencing guidelines.

1

1         On June 6, 2012, movant entered a guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF Nos. 1, 21. On September 19, 2012, movant was sentenced to 84 months in federal prison. ECF No. 31. Movant's base offense level was set using U.S.S.G. §2K2. PSR ¶ 12.[1] Section 2K2.1(a)(2) sets at 24 the base offense level for individuals convicted of violation of 18 U.S.C. § 922(g) where "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense". U.S.S.G. § 2K2.1(a)(2). In setting the base offense level at 24, the PSR found that "the defendant possessed a 9mm handgun and had at least two felony convictions of either a crime of violence or a controlled substance offense." PSR ¶ 12. Movant received a two level increase because the handgun was stolen, a two level reduction for acceptance of responsibility, and a one level reduction in anticipation of a motion by the government for timely notification of intent to plead guilty, making his total offense level 23. PSR ¶¶13, 16-18. His criminal history category was VI, PSR ¶ 42, making his sentencing guideline range 92 to 115 months in prison. PSR ¶ 75. The probation officer recommended that defendant be sentenced to 92 months in federal prison and a 36 month term of supervised release. PSR Recommendation at p. 23. The court sentenced defendant to 84 months in prison for reasons set forth in the Statement of Reasons signed by the court on September 21, 2012. *See* Statement of Reasons at 3.[2]

         Section 2255(a) of title 28 of the United States Code provides in relevant part:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . ., may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). As noted above, movant contends that following the decision in *Johnson v. United States*, his sentence violates due process of law because his prior felony conviction for violation of California Penal Code § 273.5 cannot qualify as a crime of violence.

---

[1] A copy of the July 30, 2012 revised Presentence Investigation Report (PSR) prepared for defendant's sentencing is filed under seal concurrently with this order.

[2] A copy of the Statement of Reasons is filed under seal concurrently with this order.

For purposes of U.S.S.G. §2K2.1, the section used to calculate movant's base offense level, U.S.S.G. §4B1.2 defines both "controlled substance offense" and "crime of violence", as well as what it means to sustain two prior felony convictions within the meaning of the section. *See* Commentary to U.S.S.G. §2K2.1.[3] Section 4B1.2(a) provides:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*
>
> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.
>
> (c) The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G. § 4B1.2 (emphasis added). The language in §4B1.2(b) emphasized above is identical to language in the Armed Career Criminal Act that has "come to be known as the Act's residual clause." *Johnson*, 135 S.Ct. at 2555-56.

/////

---

[3] The 2011 edition of the United States Sentencing Guidelines Manual was used to calculate movant's sentencing guideline range, *see* PSR § 11, and all references to the U.S.S.G. in this order are to that manual.

3

As set out in the presentence report, at the time of sentencing movant's criminal history included four felony convictions, including possession of a controlled substance for sale, infliction of corporal injury on a spouse/cohabitant, unlawful possession of controlled substances while armed, and attempted robbery. PSR ¶¶ 28, 30, 32, 36. Two of those convictions, possession of a controlled substance for sale, and infliction of a corporal injury on a spouse/cohabitant, come within the definition of prior felony convictions in U.S.S.G. § 4B1.2[4] and supported the base offense level of 24 used to calculate movant's guideline sentencing range. The second is the subject of the motion before the court.

In *Johnson*, the United States Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. Here, the government "agrees that *Johnson* invalidates the USSG 4B1.2(a)(2) residual clause, just as it did the ACCA residual clause." ECF No. 44 at 22. For purposes of this motion, the court therefore assumes without deciding that the residual clause of U.S.S.G. §4B1.2(a)(2) is unconstitutionally vague. *See United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016). The government also argues, however, that *Johnson* is not relevant to the motion before the court because a conviction under California Penal Code § 273.5 is a conviction of a crime of violence under §4B1.2(a)(1), the so-called elements clause, which was unaffected by the decision in *Johnson*. ECF No. 44 at 22. The court agrees.

Movant's motion is based on his contentions that the residual clause of §4B1.2(a)(2) is void and cannot, therefore, support a finding that his conviction for violation of California Penal Code § 273.5 is a crime of violence. Movant also contends that a conviction for violation of California Penal Code § 273.5 no longer qualifies as a crime of violence under the elements clause of §4B1.2(a)(1) and that the Ninth Circuit cases which hold that violation of California Penal Code § 273.5 is a crime of violence for purposes of §4B1.2 are "no longer valid

/////

---

[4] The conviction for unlawful possession of a controlled substance while armed does not appear to fall within the definition of "controlled substance offense" in §4B1.2(b) because it does not include any suggestion that the possession involved "intent to manufacture, import, export, distribute, or dispense." U.S.S.G. §4B1.2(b).

4

after *Johnson*" because the reasoning of those cases "incorporates the 'risk' language of the now-void residual clause." ECF No. 38 at 7. Movant's contentions are unavailing.

California Penal Code § 273.5 provides in relevant part:

> (a) Any person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim described in subdivision (b) is guilty of a felony, …
>
> . . .
>
> (d)  As used in this section, "traumatic condition" means a condition of the body, such as a wound, or external or internal injury, including, but not limited to, injury as a result of strangulation or suffocation, whether of a minor or serious nature, caused by a physical force.

Cal. Penal Code § 273.5(a), (d). The Ninth Circuit has held in at least three published decisions that violation of § 273.5 is a crime of violence within the meaning of federal laws.

In *U.S. v. Laurico-Yeno*, 590 F.3d 818 (9th Cir. 2010), the court of appeals held that a conviction for violation of § 273.5 was a "categorical 'crime of violence' for purposes of the illegal reentry Guideline U.S.S.G. §2L1.2." *Laurico-Yeno*, 590 F.3d at 820. The court of appeals reaffirmed this holding in a 2011 decision following a 2010 decision of the United States Supreme Court interpreting the elements clause of the ACCA. *See U.S. v. Ayala-Nicanor*, 659 F.3d 744 (9th Cir. 2011). And in *Banuelos-Ayon v. Holder*, 611 F.3d 1080 (9th Cir. 2010), the court of appeals held that such a conviction is "categorically a crime of violence under 18 U.S.C. § 16(a)." *Banuelos-Ayon*, 611 F.3d at 1083. In all three of those cases, the dispositive question was whether California Penal Code § 273.5 "'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Laurico-Yeno*, 590 F.3d at 821 (quoting U.S.S.G. § 2L1.2, cmt. N.1(B)(iii) (emphasis omitted)). *See Ayala-Nicanor*, 659 F.3d at 748 ("[t]he relevant question is whether a conviction under § 273.5 requires the use, the attempted use, or the threatened use of physical force against the person of another."); *see also id*. at 750 (discussing *Banuelos-Ayon*, noting that "[t]he relevant question, . . . , was the same as presented here: whether the use, attempted use, or threatened use of physical force against another is an element of § 273.5.") In all three of the cases, the answer was yes. *See Ayala-Nicanor*, 659 F.3d at 751 (citing *Laurico-Yeno*, 590 F.3d at 822) (§ 273.5 is "a categorical crime of violence

1  precisely because the statute requires intentional use of physical force that results in a traumatic
2  condition,", i.e., injury.); *see also Banuelos-Ayon*, 611 F.3d at 1084 ("§ 273.5(a) requires both
3  physical force and a resulting injury.  In sum, a conviction under § 273.5(a) is a crime of violence
4  because it requires 'the intentional use of force against a person.'" (internal citation omitted)).

5  The question of whether California Penal Code § 273.5 "has as an element the use,
6  attempted use, or threatened use of physical force against the person of another" has been
7  answered by the United States Court of Appeals for the Ninth Circuit.  *Johnson* did not change
8  those holdings.  And, in any event, for the reasons set forth above the court is persuaded that
9  California Penal Code § 273.5 does have the elements required by U.S.S.G. § 4B1.1(a)(1) to
10 qualify as a crime of violence.

11 For these reasons, movant's motion will be denied.  In light of this disposition, the
12 court will not reach the government's procedural arguments raised in opposition to the motion.

13 Under Rule 11 of the Rules Governing Section 2255 Proceedings for the United
14 States District Courts, "[t]he district court must issue or a deny a certificate of appealability when
15 it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2255.  A certificate of
16 appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial
17 showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either
18 issue a certificate of appealability indicating which issues satisfy the required showing or must
19 state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons
20 set forth in this order, movant has not made a substantial showing of the denial of a constitutional
21 right.  Accordingly, the court declines to issue a certificate of appealability.

22 In accordance with the above, IT IS HEREBY ORDERED that:

23 1. Movant Daniel Awai-Fuller's June 16, 2016 motion to vacate, set aside, or
24 correct sentence under 28 U.S.C. § 2255, ECF No. 38, is denied;

25 2. The Clerk of the Court is directed to file under seal the July 30, 2012 revised
26 Presentence Investigation Report for movant and the court's Statement of Reasons;

27 3. The court declines to issue a certificate of appealability; and

28 /////

4. The Clerk of the Court is directed to close the companion civil case, 2:16-cv-1330 KJM.

DATED:  November 29, 2016.

_____
UNITED STATES DISTRICT JUDGE